IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODERICK JACKSON                                                                                    PLAINTIFF

v.                         Civil No. 5:24-cv-05004-TLB-CDC

WALMART, INC.                                                                                        DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Roderick Jackson ("Jackson"), filed this action alleging defamation, malicious prosecution, and false imprisonment/detainment claims. Jackson proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 11) under 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

Jackson filed his original Complaint on January 8, 2024. (ECF No. 3). Upon review of his Complaint, it was determined that he failed to properly complete the civil complaint form making it difficult, if not impossible, for the Court to determine the jurisdictional, legal, and factual basis of for his allegation of "false pretense of shoplifting" in Omaha, Nebraska on March 13, 2021. For this reason, Jackson was ordered to file an Amended Complaint by February 14, 2024. (ECF No. 5). Jackson timely filed his Amended Complaint on February 9, 2024. (ECF No. 6). On March 18, 2024, Jackson filed a completed IFP application. (ECF No. 10). The same day, the request to proceed IFP was granted. (ECF No. 11). The Amended Complaint is now properly

1

before the Court for screening.

As the basis for jurisdiction, Jackson indicates the Court has federal question jurisdiction. (ECF No. 6 at 3).  Jackson cites the Court to 28 U.S.C § 4101 and 25 C.F.R. § 11.404.

In his statement of the claim, Jackson says: "Defendant caused many problems and sufferings from incident made which is false allegations of a crime towards plaintiff and actions from it."  (ECF No. 6 at 4).  It is only from the original complaint that the Court knows that the "incident" Jackson is referring to is an alleged false accusation of shoplifting on March 13, 2021.[1]

As relief, Jackson asks for $100 million, correction of any problems stemming from the incident, and that Wal-Mart be required to pay Court fees on his behalf.  Jackson does not specify what court fees he is seeking.

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987);

---

[1] Jackson first filed suit against Wal-Mart on September 29, 2021.  *Jackson v. Wal-Mart, Inc.,* Civil No. 5:21-cv-05066.  The Amended Complaint alleged a loss prevention employee of Wal-Mart engaged in racial profiling which led to Jackson being accused of a crime and arrested on March 13, 2021.  (ECF No. 4 at 4).  The case was dismissed for improper service on September 29, 2021.  (ECF No. 18 at 2).

2

*In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

The claims asserted in the Amended Complaint are subject to dismissal. "Courts have an independent obligation to determine whether federal subject matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters., Inc.,* 347 F.3d 1076, 1081 (8th Cir. 2003) (citation and internal quotation marks omitted).

Section 1331 provides that the "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1331 does not itself create causes of action. "[A] right or immunity created by the Constitution, or the laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l. Bank,* 299 U.S. 109, 112 (1936). The Supreme Court has stated that:

3

> [u]nder our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).

As noted above, Jackson contends subject matter jurisdiction exists by virtue of 28 U.S.C § 4101 and 25 C.F.R. § 11.404. Section 4101 is the definition section of the Securing the Protection of Our Enduring and Established Constitutional Heritage ("SPEECH") Act. The SPEECH Act prohibits the recognition and enforcement of foreign defamation judgments in the United States Courts where those judgments undermine the First Amendment. S. Rep. No. 111-224 at 1, 2010 WL 2837008 (2010). The term forum court is defined as "a court, administrative body, or other tribunal of a foreign country." 28 U.S.C. § 4101(3). The term foreign judgment is defined as "a final judgment rendered by a foreign court." 28 U.S.C. § 4101(4). This section has no applicability to this case. Jackson does allege the existence of a judgment or that any such judgment is from a foreign court within the meaning of the SPEECH Act.

The regulation cited, 25 C.F.R. § 11.404, is a regulation of the Bureau of Indian Affairs, Department of the Interior, and applies in Courts of Indian Offenses. Section 11.404 makes it a misdemeanor for a person to "knowingly restrain[] another unlawfully so as to interfere substantially with his or her liberty." The Court observes this regulation has no applicability to this case.

Additionally, there is no general constitutional right for the protection of a person's reputation. *Paul v. Davis,* 424 U.S. 693, 711-12 (1976) (determining that regardless of the seriousness of the defamatory publication, the harm to plaintiff's reputation "did not deprive him

4

of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) ("a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or the laws of the United States"). In the absence of an allegation that the police rely on store employees to perform police functions, Walmart is a private corporation and does not act under color of state law for purposes of 42 U.S.C. § 1983. *See e.g., Hanuman v. Groves,* 41 Fed. App'x 7 (8th Cir. 2002) (Wal-Mart and its employees were not state actors when detaining a suspected shoplifter); *Tully v. Lee,* No. 5:23-cv-05155-TLB-CDC, 2023 WL 700672 (W.D. Ark. Oct. 4, 2023) (same). The Court finds there is no federal question jurisdiction. To the extent Jackson is asserting state law claims, the Court declines to exercise jurisdiction under 28 U.S.C. § 1367(c)(3) as all claims over which the Court would have original jurisdiction are being dismissed.

## IV. CONCLUSION

For these reasons, it is recommended that:

- All federal claims be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2) and for lack of jurisdiction; and

- The Court decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

**Status of Referral:** The referral terminates upon the filing of this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

5

Case 5:24-cv-05004-TLB   Document 12   Filed 03/25/24   Page 6 of 6 PageID #: 29


**the district court.**

RECOMMENDED this 25th day of March 2024.

*s/* *Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE